UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:22-cr-437-WFJ-SPF

JOHN LEE

**ORDER**

Pending before the Court is the United States' Unopposed Motion to Take Videotaped Deposition of a Material Witness for Use at Trial Pursuant to Federal Rule of Criminal Procedure 15. (Doc. 30). Based on the representations made in its unopposed motion, the United States' motion is granted. Upon review and consideration, the Court finds that:

**I. Legal Framework**

"District courts may grant a party's request to depose a prospective witness 'because of exceptional circumstances and in the interest of justice." *United States v. Carter,* 776 F.3d 1309, 1325 (11th Cir. 2015)(quoting Fed. R. Crim. P. 15(a)(1)). The moving party bears the burden of demonstrating exceptional circumstances exist. *Id.* Three factors guide the exceptional circumstances analysis: whether (1) the witness is unavailable to testify at trial; (2) injustice will result without the material testimony that the deposition could provide; and (3) countervailing factors render taking the deposition unjust to the nonmoving party. *United States v. Drogoul*, 1 F.3d 1546, 1554 (11th Cir. 1993); *United States v. Ramos*, 45 F.3d1519, 1522-23 (11th Cir. 1995);

*United States v. Smith*, 213 Fed. App'x 774, 777 (11th Cir. 2006); *United States v. Des Marteau*, 162 F.R.D. 364, 367 (M.D. Fla. 1995); *United States v. O'Sullivan*, 553 F.Supp.2d 1349, 1351 (M.D. Fla. 2008). "The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *Drogoul,* 1 F.3d at 1552.

## II. Application

The United States' motion offered the following as the potential testimony that is sought to be preserved by deposition of the prospective witness, M.S.:

- M.S. is a resident in Doha, Qatar, and worked for Victim 2 for many years;
- In or around April 2019, M.S. began corresponding with an individual on Purple Garden who used the username "1111Giovanni1111." M.S. believed "1111Giovanni1111" to be a psychic and a love specialist. M.S. knew "1111Giovanni1111" as "Giovanni," "Gio," and "John Lee;"
- M.S. met with Mr. Lee in person in New York;
- In or around June 2022, Mr. Lee convinced M.S. to send him jewelry belonging to Victim 2;
- M.S. removed the items of jewelry from a safe in the home of Victim 2 and sent them via FedEx to Mr. Lee. M.S. addressed the packages to "John Lee" and sent them to "50 Route 17th North, Paramus, Suite 135, New Jersey 07652" and to "1070 Berry Lane, Davenport, Florida 33857;"
- M.S. made several attempts to contact Mr. Lee and retrieve the jewelry from him; and
- Mr. Lee never returned the items to M.S.

(Doc. 30 at 3–5).

**A. Unavailability of Witnesses**

"Under *Drogoul,* a substantial likelihood of unavailability can be found when the proposed deponent is beyond the subpoena powers of the United States and has declared his unwillingness to testify at trial, or even having declared willingness to testify cannot be subpoenaed if he changes his mind." *United States v Ramos,* 45 F.3d 1519, 1523 (11th Cir. 1995). Further, evidence that witnesses are foreign nationals located outside the United States and, thus, cannot be compelled to testify at trial "is potent proof of unavailability for purposes of Rule 15(a)" *Drogoul* 1 F.3d at 1553. Whenever a substantial likelihood exists that a proposed witness will not testify at trial, "justice usually will be served by allowing the moving party to take the deposition, thereby preserving the party's ability to utilize the testimony at trial, if necessary." *Id.* Here, the United States represents that M.S. is a foreign national in law enforcement custody in Doha, Qatar. Therefore, M.S. is not available to testify at trial. Thus, the first factor in the exceptional circumstances analysis weighs in favor of granting the United States' motion.

**B. Materiality**

"Under *Drogoul*, material is a term of art that means *material to the party moving to depose*." *Ramos*, 45 F.3d at 1523 (emphasis in original); *Des Marteau*, 162 F.R.D. at 368, 369. A showing that testimony is material requires the movant to make known to the court and opposing counsel the "thrust of the evidence." *Des Marteau*, 162 F.R.D. at 368 (quoting *United States v. Sheffield*, 992 F.2d 1164, 1169 (11th Cir.

1993)). Here, the United States has made known the scope of the expected testimony. The expected testimony is sufficiently material to this case, therefore, the second factor in the exceptional circumstances analysis weighs in favor of granting the United States' motion.

**C. Countervailing Factors**

"When a prospective witness is unlikely to appear at trial and his or her testimony is critical to the case, simple fairness requires permitting the moving party to preserve that testimony–by deposing the witness–absent significant countervailing factors which would render the taking of the deposition unjust." *Drogoul*, 1 F.3d at 1552. Here, Mr. Lee does not oppose the United States' motion. (Doc. 30 at 9). Therefore, the Court finds no apparent countervailing factors that would warrant denying the unopposed motion.

**D. Manner of Taking Foreign Depositions**

Mr. Lee is currently in custody in Pinellas County Jail. The United States represents in the unopposed motion that Mr. Lee will waive his right to be present at the taking of the deposition under Rule 15(c). (Doc. 30 at 11). Even if Mr. Lee did not waive his right to be present, because there is not a formal agreement between the United States and Qatar to assist in the secure transport and continuing custody of a defendant for attendance at a deposition, it would not be possible to securely transport or maintain continuous custody of Mr. Lee while in Doha, Qatar.

Therefore, the Court finds that the interest of justice weighs in favor of Mr. Lee participating in the depositions via video-conference.

Both the United States and Mr. Lee have raised concerns about the seven-hour time zone difference between Tampa, Florida and Doha, Qatar, as well as the potential for technical complications with video-conferencing programs and equipment at the Pinellas County Jail. Therefore, the Court directs the USMS to release Mr. Lee to the custody of the FBI during the taking of the deposition, so that he may participate in the deposition via video-conference at his counsel's office, rather than from the Pinellas County Jail. Further, the Court directs the United States is to submit the appropriate paperwork to the USMS and the FBI to secure the transfer of custody and transport of Mr. Lee.

**E. Conclusion**

The Court finds that the United States has met its burden of demonstrating exceptional circumstances in that M.S. is an unavailable prospective witness that could provide materially relevant testimony in this case. No countervailing factors caution against allowing the United States to preserve the testimony of M.S. under Fed. R. Crim. P. 15.

Accordingly, the Court **ORDERS** as follows:

1. The United States' Unopposed Motion to Take Videotaped Deposition of a Material Witness for Use at Trial Pursuant to Federal Rule of Criminal Procedure 15 (Doc. 30) is **GRANTED**.

2. Under Fed. R. Crim. P. 15, the United States is authorized to take the deposition of M.S.
3. Mr. Lee may participate in the deposition via remote video-conferencing in the manner described above.
4. The United States Marshal is directed to release Mr. Lee to the custody of the Federal Bureau of Investigation on the day of the deposition. The Federal Bureau of Investigation shall return Mr. Lee to the custody of the United States Mashal at the conclusion of the deposition.
5. The United States is ordered to take any necessary steps to ensure Mr. Lee's ability to participate in the deposition from his counsel's office.
6. The United States is ordered to cover all expenses of the recording of the deposition, transcript, videotape, and travel expenses.

ORDERED in Tampa, Florida on May 18, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE