UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No. 8:22-cr-437-WFJ-SPF

JOHN LEE
  a/k/a "Giovanni"

**UNITED STATES' MOTION
FOR AN ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America moves for an order of forfeiture against the defendant in an amount to be determined at sentencing, representing the amount of proceeds he personally obtained as the result the mail fraud and interstate transportation of stolen property scheme charged in Counts Four and Seven of the Indictment.

In accordance with Rule 32.2(b)(4), and the defendant's plea agreement (Doc. 36 at 17), the United States asks that the order of forfeiture become final at the time it is entered. In support, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.    Statement of Facts**

    **A.    Allegations Against the Defendant**

    1.    In relevant part, the defendant was charged in an Indictment with mail fraud, in violation of 18 U.S.C. § 1341 (Count Four), and interstate transportation of

stolen property, in violation of 18 U.S.C. § 2314 (Count Seven). Doc. 15.

    2.    The forfeiture allegations in the Indictment notified the defendant that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States was seeking forfeiture of any property, real or personal, which constituted or was derived from proceeds traceable to the offenses. *Id.* at 4-6.

    **B.**    **Finding of Guilt and Admissions of Fact**

    3.    On November 13, 2023, the defendant pleaded guilty to Counts Four and Seven of the Indictment pursuant to a written plea agreement before United States Magistrate Judge Sean P. Flynn, who recommended that his plea be accepted. Docs. 39, 43. On November 30, 2023, United States District Judge William F. Jung accepted his plea and adjudicated him guilty. Doc. 44. The defendant's sentencing is currently scheduled for March 4, 2023. *Id.*

    5.    In his plea agreement (Doc. 36 at 16-33), the defendant agreed to a factual basis which describes the criminal conduct underlying the charges in the Indictment for which the defendant pled guilty.

    **C.**    **Admissions Related to Forfeiture**

    5.    In his plea agreement, the defendant further admitted that pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States was entitled to an order of forfeiture in an amount representing the amount of proceeds the defendant personally obtained as a result of the mail fraud and interstate transportation of stolen property scheme charged in Counts Four and Seven. Doc. 36

at 10. Moreover, the defendant agreed that the United States is entitled to forfeit any of the defendant's property as substitute assets to satisfy the Order of Forfeiture and that the order of forfeiture would be final upon entry.

## II. Applicable Law

### A. Forfeiture Statute

The Court's authority to forfeit specific property obtained as a result of a mail fraud and interstate transportation of stolen property scheme is found in 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" as defined in section 1956(c)(7). The term "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1)(B). 18 U.S.C. § 1956(c)(7)(A). Specifically, violations of 18 U.S.C. §§ 1343 and 2314 are included in 18 U.S.C. § 1961(1). Pursuant to 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally utilizing the procedures set forth in 21 U.S.C. § 853.

### B. Court's Determination of Forfeiture

Rule 32.2, Federal Rules of Criminal Procedure, governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture. Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court must determine what property is subject to forfeiture under the applicable statute. Fed. R. Crim. P.

32.2(b)(1)(A). The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

Because the United States could not locate all of the specific property traceable to the defendant's mail fraud and interstate transportation of stolen property scheme, the United States seeks an order of forfeiture against the defendant in an amount to be determined at sentencing, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). As the defendant has agreed, he personally obtained proceeds as a result of the mail fraud and transportation of stolen property scheme. If the Court finds that the defendant obtained proceeds as a result of his participation in the mail fraud and transportation of stolen property scheme and that the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, enter an Order of Forfeiture against the defendant.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the

sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Finally, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

The United States further requests that, in accordance with his Plea Agreement (Doc. 36 at 17), the order of forfeiture becomes final as to the defendant at the time it is entered.

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

                    Respectfully Submitted,

                    ROGER B. HANDBERG
                    United States Attorney

By:   *s/ Nicole M. Andrejko*
      NICOLE M. ANDREJKO
      Assistant United States Attorney
      Florida Bar No. 0820601
      400 West Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone: (407) 648-7560
      Facsimile: (407) 648-7643
      E-Mail: Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

                *s/Nicole M. Andrejko*
                NICOLE M. ANDREJKO
                Assistant United States Attorney