UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:22-cr-437 (WFJ) (SPF)

JOHN LEE
a/k/a "Giovanni"

_____/

## PETITION TO CLAIM INTEREST IN AND FOR ADJUDICATION OF VALIDITY OF INTEREST IN FORFEITED PROPERTY

Joseph Grunberg, Rosalie Grunberg, Lombard Mutual LLC ("Lombard"), and Wolf Grunberg Corp. ("Wolf Grunberg") (collectively, the "Grunberg Petitioners"), by their undersigned counsel, pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c), petition the Court for an order recognizing the validity of their secured interest in specific property subject to forfeiture, and respectfully state as follows:

### FACTUAL BACKGROUND

1. This Petition arises out of the criminal forfeiture proceedings that are ancillary to the criminal proceedings against John Lee (the "Defendant").

2. The Grunberg Petitioners claim a secured interest in the 103.86 Carat D Color Internally Flawless Clarity Cushion Brilliant Cut Natural Diamond (the "Diamond") that is among the assets the United States seeks to forfeit in this criminal proceeding. Under federal and New York state law, the Grunberg Petitioners are bona fide purchasers for value as lenders with a secured collateral interest in the Diamond.

3. Joseph Grunberg and his mother, Rosalie Grunberg, are United States citizens who own and operate two family businesses in New York City: Wolf Grunberg, which buys and sells

diamonds and other jewelry, and Lombard Mutual, which, in addition to buying and selling, lends against diamonds and other jewelry that they hold as collateral.

4.  In the summer of 2022, while in and around New York City, an individual who was a trusted counterparty (the "Trusted Counterparty") approached the Grunberg Petitioners with the Diamond. The Grunberg Petitioners had done business with the Trusted Counterparty for almost 10 years and were unaware of any adverse information regarding the Trusted Counterparty, who they had worked with successfully in many transactions. Unbeknownst to the Grunberg Petitioners, however, the Diamond that the Trusted Counterparty gave to the Grunberg Petitioners as collateral had come, directly or indirectly, from the Defendant.

5.  On or about September 14, 2022, while in New York City, the Grunberg Petitioners agreed to loan the Trusted Counterparty $4 million (the "Loan") against the Diamond, which they would hold as collateral. In a series of advances under the Loan, the Grunberg Petitioners loaned the Trusted Counterparty $2.8 million in a combination of approximately $800,000 in wire and cash equivalent payments and $2 million in valuable family gold and jewelry accumulated by Mr. Grunberg's deceased father and grandfather over decades. During this time, the Trusted Counterparty gave the Grunberg Petitioners the Diamond to retain as collateral for the Loan. The Grunberg Petitioners took possession of the Diamond as collateral in good faith, having a bona fide belief that it was legitimate collateral for the Loan. Under New York law, a security interest is perfected by the secured party taking possession of the collateral.

6.  In or about mid-November 2022, federal authorities contacted the Grunberg Petitioners and informed them, in substance, that the Diamond was stolen as part of a fraudulent scheme. On or about November 23, 2022, the Grunberg Petitioners, through counsel, voluntarily surrendered the Diamond to federal authorities because the federal authorities indicated, in sum

and substance, that the Grunberg Petitioners were required to do so. Then, on or about November 28, 2022, federal authorities asked Mr. Grunberg to sign a Consent to Forfeiture, waiving any objections or challenges to the forfeiture of the Diamond. Mr. Grunberg refused to sign the Consent to Forfeiture given the Grunberg Petitioners' secured interest in the Diamond.[1]

7. On December 21, 2022, the United States filed an indictment in this Court charging the Defendant, a self-proclaimed psychic, with four counts of mail fraud and three counts of interstate transportation of stolen property for his role in a scheme to defraud his customers of money and property for personal gain (the "Indictment"). ECF 15. The United States also sought criminal forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to the fraudulent scheme. *Id.*

8. The Indictment alleged that as part of the fraudulent scheme, the Defendant would convince his customers that certain of their valuables, including jewelry, needed to be cleansed of evil spirits. *Id.* ¶ 9(e). He would then instruct the customer to ship the valuables to him to be cleansed, but rather than return the valuables to the customer, he would offer the valuables to potential buyers for barter and/or sale. *Id.* ¶ 9(f)-(g). In furtherance of the scheme, the Defendant represented himself to these potential buyers as authorized to offer the valuables for barter and/or sale, which induced these potential buyers to purchase or trade these valuables in exchange for cash, gold, and other valuables. *Id.* ¶ 9(h)-(i). At least one of these valuables, the Diamond, was given by the Defendant (either directly or indirectly) to the Trusted Counterparty.

---

[1] Moreover, since surrendering the Diamond to federal authorities, counsel for the Grunberg Petitioners have written and communicated with the Government to preserve the Grunberg Petitioners' $2.8 million secured interest in the Diamond.

3

9. The Defendant entered into a plea agreement with the United States on November 6, 2023, whereby he agreed to plead guilty to one count of mail fraud and one count of interstate transportation of stolen property and forfeit to the United States any and all assets and property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States specifically identified the "Diamond" as an asset to be forfeited, among others, and on December 19, 2023, moved pursuant to 21 U.S.C. § 853(p) for a preliminary order of forfeiture. ECF 45. This Court entered a preliminary order of forfeiture on February 13, 2024, directing that the Diamond be forfeited to the United States, subject to 21 U.S.C. § 853(n). ECF 47.[2]

10. On or about February 22, 2024, the Grunberg Petitioners received correspondence from the United States Attorney's Office for the Middle District of Florida instructing them to file a petition for a hearing to adjudicate the validity of their interest in the Diamond within 30 days of receipt of the letter. The letter was dated February 20, 2024.

## LEGAL STANDING OF THE PETITIONERS

11. The Grunberg Petitioners oppose forfeiture of the Diamond because, as bona fide purchasers, the Grunberg Petitioners have a secured interest in the Diamond that is superior to the interests of the Defendant and the interests of the United States.

12. The United States cannot seize the Grunberg Petitioners' secured interest in the Diamond because forfeiture in federal criminal proceedings is *in personam*: it is designed to punish the offender and thus cannot be imposed upon the Grunberg Petitioners. Under § 853(n), the United States' interest is coextensive with that of the Defendant, because it is entitled only to the forfeiture of property of the Defendant.

---

[2] The Grunberg Petitioners are also seeking restitution as part of the Defendant's sentencing, given that they are victims of the fraudulent scheme.

13.  Federal law provides that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . [may] petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). The court after a hearing or upon a summary judgment motion may amend the forfeiture order if, among other reasons, it "determines that the petitioner has established by a preponderance of the evidence that . . . the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6)(B); see Fed. R. Crim. P. 32.2(c) (allowing the court to amend a forfeiture order in an ancillary proceeding based on a summary judgment motion).

14.  As innocent secured creditors, the Grunberg Petitioners hold bona fide purchaser status under 21 U.S.C. § 853(n)(6)(B), rendering the forfeiture of the Diamond invalid. At the time that the Grunberg Petitioners loaned $2.8 million to the Trusted Counterparty and took possession of the Diamond as collateral, the Grunberg Petitioners were reasonably without cause to believe that the Diamond was involved in any violation of the law or was subject to forfeiture. Accordingly, the Grunberg Petitioners have a legal interest in the Diamond under 21 U.S.C. § 853(n)(6) and reserve all of their rights in the Diamond.

## **CONCLUSION**

15.  The Grunberg Petitioners petition the Court, if the parties are unable to stipulate or reach a settlement, for a hearing to adjudicate the validity of their secured interest in the Diamond as bona fide purchasers, and for an order: (a) recognizing the validity of the Grunberg Petitioners' superior interest in the Diamond as innocent lenders; (b) ordering the United States to sell the Diamond and return $2.8 million from the proceeds to the Grunberg Petitioners, or to return $2.8

million to the Grunberg Petitioners from other proceeds or property obtained by the United States in this action; and (c) for all further relief to which the Grunberg Petitioners may be entitled.

Dated: March 21, 2024
      New York, NY

Respectfully submitted,

**REED SMITH LLP**

*/s/ Mark E. Bini*
Mark E. Bini
Florida Bar No. 3995156
599 Lexington Avenue
New York, NY 10022-7650
Phone: (212) 521-5400
Fax: (212) 521-5450
mbini@reedsmith.com

-and-

200 South Biscayne Blvd, 26th Fl
Miami, Florida 33131
Phone: (786) 747-0286

***Counsel for the Grunberg Petitioners***

## VERIFICATION

I hereby declare, swear and affirm, under penalty of perjury, that the facts and allegations stated in this Petition are true and correct to the best of my knowledge.

Dated: March 21, 2024

_____
Joseph Grunberg

## VERIFICATION

I hereby declare, swear and affirm, under penalty of perjury, that the facts and allegations stated in this Petition are true and correct to the best of my knowledge.

Dated: March 21, 2024

_____
Rosalie Grunberg

## VERIFICATION

I hereby declare, swear and affirm, under penalty of perjury, that the facts and allegations stated in this Petition are true and correct to the best of my knowledge.

Dated: March 21, 2024

LOMBARD MUTUAL LLC

By: Joseph Grunberg

By: Rosalie Grunberg

## VERIFICATION

I hereby declare, swear and affirm, under penalty of perjury, that the facts and allegations stated in this Petition are true and correct to the best of my knowledge.

Dated: March 21, 2024

                                                **WOLF GRUNBERG CORP**

                                                By: Joseph Grunberg

                                                By: Rosalie Grunberg

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 21, 2024, a true and correct copy of the foregoing was served upon the following via FedEx Overnight

Office of the Clerk
United States District Court
Middle District of Florida
Sam Gibbons Federal Courthouse
801 North Florida Ave, 2nd Floor
Tampa, Florida 33602

Nicole Andrejko
Assistant United States Attorney
400 North Tampa Street, Suite 3200
Tampa, Florida 33602

/s/ Mark E. Bini
Mark E. Bini
Florida Bar No. 3995156
mbini@reedsmith.com