UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:22-cr-437-WFJ-SPF

JOHN LEE
 a/k/a "Giovanni"

**UNITED STATES' MOTION REQUESTING LEAVE TO FILE
REPLY TO GRUNBERG PETITIONERS' OPPOSITION BRIEF**

The United States moves, pursuant to Local Rule 3.01(d), for leave to file a reply to the Opposition to the Government's Motion to Dismiss and/or Strike Petitioners' Verified Claim filed by Rosalie Grunberg, Joseph Grunberg, Lombard Mutual LLC, and Wolf Grunberg Corp. (Grunberg Petitioners) (Doc. 79). In the Grunberg Petitioners' opposition, they argue that the "owner" of the Diamond entrusted Lee with the Diamond and that "the nature and scope of M.S.'s rights in the Diamond are questions of fact." Doc. 79 at 9-10. They also argue the Diamond was "swindled from *M.S. and/or the Victim*" through fraud, rather than stolen, such that Defendant held voidable title, rather than void title. *Id.* at 6-7, 12-13. Finally, they suggest that some fact issues may exist as to the "nature of the relationship and agreement between the Defendant and the Victim and/or M.S." *Id.* at 13. All of these arguments rest on the unfounded premise that the owner of the Diamond – the Victim – may have been aware of, and acquiesced to, M.S. sending the Victim's jewelry to Defendant. *See, e.g., id.* at 10-12 (suggesting that "M.S. and the Victim" made Defendant's wrongful acts possible "by sending the Diamond to the

Defendant" such that "M.S. and the Victim" would be estopped from seeking recovery of the Diamond). To the contrary, the record is clear that the Diamond was stolen from the Victim without his knowledge. There are no facts to suggest otherwise and thus no "fact issue" to resolve. In making these arguments, the Grunberg Petitioners appear to be challenging the basis for forfeiture – the theft of the jewelry from the Victim – which they cannot do as a matter of law.

The Grunberg Petitioners also argue that Defendant should be treated as a merchant under the merchant entrustment rule because he sold the jewelry to third parties and held himself out to those individuals as a jewelry merchant. However, this ignores the fact that the merchant entrustment rule requires an entrusting **owner** – here, the Victim – to knowingly deliver his property to a merchant dealing in goods of that kind. This did not occur here.

The Grunberg Petitioners also repeatedly excuse their deficiently pled claim by referring to the fact that they sent a letter to the undersigned outlining their claims. Doc. 79 at 16-17. However, a petitioner cannot rely on extraneous documents in the government's possession to establish standing and to state a claim.

Therefore, the United States seeks leave to file a reply to bring to the Court's attention those facts on the record which demonstrate that no fact issues exist as to the theft of the Diamond from the Victim, and to supply the Court with case law

relevant to the legal issues addressed above. The United States anticipates its proposed reply will be 7 pages in length.

                                              Respectfully Submitted,

                                              ROGER B. HANDBERG
                                              United States Attorney

By:   *s/Nicole M. Andrejko*
       NICOLE M. ANDREJKO
       Assistant United States Attorney
       Florida Bar No. 0820601
       400 West Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone: (407) 648-7560
       Facsimile: (407) 648-7643
       E-Mail: Nicole.Andrejko@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

                                              *s/Nicole M. Andrejko*
                                              NICOLE M. ANDREJKO
                                              Assistant United States Attorney