

**Mark E. Bini**
Direct Phone: +1 212 549 0296
Email: mbini@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

March 22, 2024

**Via Electronic Mail**

The Honorable William Jung
United States District Court Judge
Sam M. Gibbons United States Courthouse
801 North Florida Avenue
Tampa, Florida 33602

**RE:** *United States v. Lee*, **22-cr-437 (WFJ) (SPF)**

Dear Judge Jung,

      We represent Mr. Joseph Grunberg, Ms. Rosalie Grunberg, Lombard Mutual LLC ("Lombard"), and Wolf Grunberg Corp. ("Wolf Grunberg") (collectively, the "Grunberg Victims"), all of whom are victims of the criminal and fraudulent scheme orchestrated by the defendant John Lee (the "Defendant") in the above-referenced action. On behalf of the Grunberg Victims, we write to advise the Court of the profound impact the Defendant's scheme has had on the Grunberg Victims, and respectfully ask the Court to take this into consideration at Defendant's upcoming sentencing. As explained below, the Grunberg Victims have been directly and proximately harmed as a result of the Defendant's scheme, losing $2.8 million.[1] That loss has been financially and emotionally devastating to the Grunberg Victims.

      On December 21, 2022, the United States filed an indictment in this Court charging the Defendant, a self-proclaimed psychic, with four counts of mail fraud and three counts of interstate transportation of stolen property for his role in a scheme to defraud his customers of money and property for personal gain (the "Indictment"). ECF 15. The Indictment alleged that as part of the fraudulent scheme, the Defendant would convince his customers that certain of their valuables, including jewelry, needed to be cleansed of evil spirits. *Id.* ¶ 9(e). He would then instruct the customer to ship the valuables to him to be cleansed, but rather than return the valuables to the customer, he would offer the valuables to potential buyers for barter and/or sale. *Id.* ¶ 9(f)-(g). In furtherance of the scheme, the Defendant represented himself to these potential buyers as authorized to offer the valuables for barter and/or sale, which induced these potential

---

[1] A "victim" is defined under the Mandatory Victims Restitution Act of 1996 ("MVRA") as "a person directly and proximately harmed" as a result of the commission of certain federal crimes. 18 U.S.C. § 3663A(a)(2). Under the MVRA, victims can recover money for offenses committed by fraud or deceit, and in which an identifiable victim has suffered a physical injury or pecuniary loss. *See id.* § 3663A(c)(1). Similarly, under the Crime Victims' Rights Act of 2004 ("CVRA"), victims of federal crimes enjoy "[t]he right to full and timely restitution as provided in law." *See* 18 U.S.C. § 3771(a)(6). A "victim" is defined under the CVRA as "a person directly and proximately harmed as a result of the commission of a federal offense." *Id.* § 3771(e).



The Honorable William Jung
March 22, 2024
Page 2

buyers to purchase or trade these valuables in exchange for cash, gold, and other valuables. *Id.* ¶ 9(h)-(i). At least one of these valuables, a 103-carat diamond (the "Diamond"), was given by the Defendant (either directly or indirectly) to a trusted counterparty of the Grunberg Victims (the "Trusted Counterparty").

By way of background, Joseph Grunberg and his mother, Rosalie Grunberg, are United States citizens who own and operate two family businesses in New York City: Wolf Grunberg, which buys and sells diamonds and other jewelry, and Lombard Mutual, which, in addition to buying and selling, lends against diamonds and other jewelry that they hold as collateral. In or around September 2022, the Grunberg Victims agreed to loan the Trusted Counterparty $4 million (the "Loan") against the Diamond, which they would hold as collateral. In a series of advances under the Loan, the Grunberg Victims loaned the Trusted Counterparty $2.8 million in a combination of approximately $800,000 in wire and cash equivalent payments and $2 million in valuable family gold and jewelry accumulated by Mr. Grunberg's deceased father and grandfather over decades. The Grunberg Victims took possession of the Diamond as collateral in good faith, having a bona fide believe that it was legitimate collateral for the Loan. Indeed, the Trusted Counterparty was someone with whom the Grunberg Victims had done business for 10 years. Unbeknownst to the Grunberg Victims, however, the Diamond was stolen as part of the Defendant's scheme.[2]

In or about mid-November 2022, federal authorities contacted the Grunberg Victims and informed them that the Diamond was stolen as part of a fraudulent scheme. Shortly thereafter, the Grunberg Victims surrendered the Diamond to federal authorities as they were required to do so.

The impact on the Grunberg Victims cannot be overstated. They are small business owners, and $2.8 million threatens the continued vitality of their business and life savings. Attached as Exhibits A is a letter from victims Joseph Grunberg and Rosalie Grunberg regarding the impact this crime has had on them.

We hope that this Court will take the impact to the Grunberg Victims into account in fashioning a sentence here for the Defendant, and in granting the Grunberg Victims' ancillary petition for return of their $2.8 million, or, to the extent that it is not granted, awarding them $2.8 million in restitution.

Very truly yours,

*Mark E. Bini*

Mark E. Bini

cc:   Rachelle DesVaux Bedke (Rachelle.Bedke@usdoj.gov)
      Tiffany E. Fields (Tiffany.Fields2@usdoj.gov)
      Nicole M. Andrejko (Nicole.Andrejko@usdoj.gov)

---

[2] The Grunberg Victims separately filed an ancillary petition challenging forfeiture of the Diamond because they were bona fide purchasers for value under the facts and applicable case law, 21 U.S.C. § 853(n)(6)(B), and thus have a valid claim to $2.8 million from the Diamond. While the Grunberg Victims hope that their forfeiture petition will be granted, they seek restitution for any amounts not awarded to them in the forfeiture process.

# **EXHIBIT A**

March 21, 2024

**Via Electronic Mail**

The Honorable William Jung
United States District Court Judge
Sam M. Gibbons United States Courthouse
801 North Florida Avenue
Tampa, Florida 33602

**RE:** *United States v. Lee*, 22-cr-437 (WFJ) (SPF)

Dear Judge Jung,

My mother and I write to you regarding sentencing in this case because we lost $2.8 million as a direct result of the Defendant John Lee's crimes. The effects on us have been devastating.

My mother Rosalie Grunberg and I are small business owners. We own and operate two family businesses in New York City: Wolf Grunberg Corp., which buys and sells estate and antique diamonds, jewelry and watches, and Lombard Mutual LLC, which, in addition to buying and selling the above, lends against those assets which they hold as collateral. Our business is family run; I'm the third generation of jewelers in our family. In September 2022, we agreed to loan $4 million to a trusted businessperson with whom we had done business for over 10 years. The loan was to be secured by a 103-carat diamond (the "Diamond"), which we would hold as collateral. In a series of advances under the loan, we loaned the businessperson $2.8 million in a combination of approximately $800,000 in wire and cash equivalent payments and $2 million in valuable family gold and jewelry accumulated by my deceased father and grandfather over decades. We held the Diamond as collateral in good faith, having a bona fide belief that it was legitimate collateral for the loan. Unbeknownst to us, however, the Diamond was stolen as part of the Defendant's scheme. In or about mid-November 2022, federal authorities contacted me and informed me that the Diamond was stolen as part of a fraudulent scheme. Shortly thereafter, I surrendered the Diamond to federal authorities as we were required to do so.

The loss of $2.8 million has been devastating. I had intended to use some of this money to pay for my children's college tuition and otherwise support my family. In addition to the financial losses I have sustained, I have been emotionally and mentally devastated. Since November 2022, when I was required to surrender the Diamond to the federal authorities, I have not had one peaceful night of sleep.

My mother Rosalie is a 76-year-old widow; her husband, my father, passed away several years ago after a long battle with ALS. My mother's life has not always been smooth sailing. She immigrated to the United States from Europe in 1961 with her family and nothing but the clothes on her back. She also battles several health conditions, including a serious autoimmune disease. My grandparents, mother and father put many years of hard work into our family jewelry business, which has now been put at risk because of Defendant's crimes. But even putting the business aside, it was also devastating for my mother to learn that as a result of the Defendant's crimes we were robbed of valuable gold and jewelry that had been accumulated by my deceased husband and his father for the better part of 60 years. That is truly irreplaceable.

My mother and I respectfully request that Your Honor impose a fair sentence that takes into account our circumstances as well as the circumstances of the other victims of Defendant's scheme and

grants our petition for the return of the $2.8 million, or, to the extent that it is not granted, awards us $2.8 million in restitution.

Respectfully,

_____
Joseph Grunberg

_____
Rosalie Grunberg