UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:22-cr-437-WFJ-SPF

JOHN LEE
 a/k/a "Giovanni"

**UNITED STATES' REPLY TO GRUNBERG
PETITIONERS' OPPOSITION BRIEF**

The United States files its reply to the Opposition to the Government's Motion to Dismiss and/or Strike Petitioners' Verified Claim filed by Rosalie Grunberg, Joseph Grunberg, Lombard Mutual LLC, and Wolf Grunberg Corp. (Petitioners) (Doc. 79),[1] and states as follows:

### I. M.S. Stole the Diamond from the Victim

Despite no record evidence to the contrary, Petitioners make a baseless argument that the Victim was aware of or acquiesced to M.S. sending the Victim's jewelry to Defendant, Doc. 79 at 11-12 (M.S. "and the Victim" made Defendant's wrongful acts possible by sending the Diamond to the Victim), in an attempt to show that Defendant may have had voidable title, not void title, to the Diamond. To do so, Petitioners rely upon how the offenses were charged in the Indictment. While the

---

[1] At Defendant's sentencing, the Court indicated that it would deny the Government's motion. Since it has not yet done so, the Government is filing the instant reply for the Court's consideration.

charging language suggests a swindle, the facts as pled, and the record evidence, show that the Diamond was stolen from the Victim by M.S.

Indeed, the record evidence shows that M.S. entered the Victim's safe in his home to take his jewelry. Plea Agreement, Doc. 36 at 26; Joint Sentencing Memorandum, Doc. 56 at 3. When M.S. could not get the jewelry back from Defendant, M.S. informed the Victim about the theft. Doc. 36 at 27. M.S. was later formally charged with theft in Doha, Qatar for her role in Defendant's scheme. Doc. 56 at 12. And, importantly, Defendant has admitted in his plea agreement that the Diamond was "stolen directly" from the Victim. Doc. 36 at 28. Moreover, at Defendant's sentencing, Defendant's counsel stated that the Victim had no knowledge of, or involvement in, the scheme.

Petitioners also suggest issues of fact remain as to whether Defendant was permitted to keep some of the valuables, such as the Diamond, and proposed an unfounded theory that "if M.S. and the Victim provided the Diamond in whole and in part as compensation to Defendant for his services, the Diamond validly passed to Mr. Moyal and in turn to the Grunberg Petitioners." Doc. 79 at 13 fn. 13 – 14. However, if this were true, Defendant could not have been charged with stealing the Diamond. Additionally, there is no record evidence which even suggests that the Diamond was payment for Defendant's services.

To be sure, the record shows that M.S. paid Defendant with money, and not jewelry, for his services. *See* Doc. 56 at 2 & 33 (explaining amounts of money that

M.S. paid Defendant for his services through PayPal and wire transfers.). M.S. also made several (failed) attempts to retrieve the jewelry from Defendant when the jewelry was not returned as promised. *See* Doc. 36 at 27. Defendant further admitted that he failed to return any of the jewelry to M.S. or the Victim, despite M.S.'s attempts to retrieve the jewelry. *Id.*

In arguing that the Victim may have played a role in the transfer of the Diamond to Defendant, or that the Diamond may have been used as payment for Defendant's services, Petitioners appear to be challenging the basis for forfeiture – the theft of the jewelry from the Victim. It is well-settled that third-party petitioners cannot challenge the forfeitability of property. *See, e.g., United States v. Davenport*, 668 F.3d 1316, 1321 (11th Cir. 2012) (explaining that third-parties cannot relitigate the merits of a forfeitability determination, citing cases and the Advisory Committee Notes to the 2000 adoption of Fed. R. Crim. P. 32.2). Accordingly, Petitioners are not entitled to discovery on the "nature of the relationship and agreement between Defendant and the Victim and/or M.S." Doc. 79 at 13.

## II. Petitioners Cannot Satisfy the Requirements of the Merchant Entrustment Rule

Petitioners also argue that, because Defendant sold the jewelry to third parties and held himself out to those individuals as a jewelry merchant, Defendant met the statutory definition of "merchant who deals in goods of the kind." Doc. 79 at 10. However, the driving principle behind the merchant entrustment rule is that "a person who knowingly delivers his property to a merchant dealing in goods of that

kind assumes the risk of the merchant's acting unscrupulously by selling the property to an innocent purchaser." *See Galin v. Hamada*, 283 F. Supp. 3d 189, 195 (S.D. N.Y. 2017), *aff'd*, 753 F. App'x 3 (2d Cir. 2018). This purpose could only be served if "the *entruster* know[s], or in the exercise of reasonable diligence should know, that he placed the goods with one who might reasonably appear to third persons to be a dealer in the type of goods in question." *Richmond v. F-40 Restoration, LLC*, 467 F. Supp. 3d 20, 29–30 (D. Conn. 2020) (internal quotations and citation omitted); *see also Atlas Auto Rental Corp. v. Weisberg*, 281 N.Y.S.2d 400, 404 (Civ. Ct. 1967) (explaining that, "[s]ince the entrusting provisions of U.C.C. § 2-403 are an extension of the principle of estoppel, it would appear to be essential that the actual vocational status of the merchant be established, but also that the original owner and the ultimate purchaser must be shown to have been aware of that status"); *id.* at 404 (An owner entrusting his goods to another cannot be said to have conferred the indicia of ownership and apparent authority to deal with the goods unless he knows he has transferred possession to a dealer").

Regardless, the merchant entrustment rule cannot apply here because the Diamond was stolen from its owner, who did not knowingly entrust his Diamond to Defendant. *See Great Am. Ins. Co. v. Nextday Network Hardware Corp.*, 73 F. Supp. 3d 636, 642 (D. Md. 2014) (party that had stolen the equipment from its owner had "only void title and therefore had no rights in the goods to transfer to the merchant, who then could not lawfully transfer any rights to the buyer"); *see also* 2 William D.

4

Hawkland et al., *Hawkland UCC Series* § 2–403:4 (April 2024 update) ("[I]f the entruster has no rights, such as when the entruster is a thief, the buyer in ordinary course of business also gets no rights.") 2A David Frisch, *Anderson on the Uniform Commercial Code* § 2-403:112 (3d ed. December 2023 update) ("When the entruster does not have title to the goods, no title is received by the purchaser from the entrustee by virtue of U.C.C. § 2-403.").

### III. Petitioners Cannot Rely On Extraneous Documents to Meet Pleading Standards Under 21 U.S.C. § 853(n)(3)

Furthermore, Petitioners repeatedly excuse their deficiently pled claim by referring to the fact that they sent a letter to the Government including additional details of their claims. Doc. 79 at 16-17. However, Courts have previously held that a petitioner claiming an interest in forfeited property cannot rely on documents previously provided to the Government to establish standing and to state a claim. *See United States v. $5,730.00 in U.S. Currency*, 109 F. App'x 712, 714 (6th Cir. 2004) ("A previous claim to an administrative agency does not put the materials required to establish statutory standing into the record before the district court."); *United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars & Thirty Eight Cents ($31,852.38) In U.S. Currency*, 183 F. App'x 237, 240–41 (3d Cir. 2006) (finding that any contention that filings in administrative proceeding were sufficient to bestow statutory standing in the civil forfeiture proceeding is unavailing).

The Court should also not rely upon the affidavit enclosed with the letter because only Joseph Grunberg signed it under penalty of perjury, so none of the

other petitioners have sworn that the information contained therein is the truth. Importantly, 21 U.S.C. § 853(n)(3) requires that a claim be signed by each petitioner under penalty of perjury, and courts require strict compliance with this rule to avoid frivolous claims. *See United States v. Yu*, No. 6:16-cr-0023-Orl-37GJK, 2016 WL 4803195, at *2 (M.D. Fla. Sept. 13, 2016) (letter not signed under penalty of perjury constituted a frivolous claim; dismissed for lack of standing); *United States v. Natalie Jewelry, Inc.*, No. 14-CR-60094, 2015 WL 150841, at *3 (S.D. Fla. Jan. 13, 2015), *r. & r. adopted*, 2015 WL 1181987 (S.D. Fla. Mar. 13, 2015) (penalty of perjury requirement is essential to discourage false or frivolous claims; petitions not signed under penalty of perjury dismissed); *United States v. Avila-Torres*, No.1:17-CR-20148, 2019 WL 2177342, at *5 (S.D. Fla. May 20, 2019) (dismissing petition not signed under penalty of perjury for failure to satisfy section 853(n)(3)'s pleading requirements).

In addition, the affidavit is completely silent as to what interest, if any, Lombard Mutual LLC has in the Diamond. It also does not address critical information about the loan, such as the purpose of the loan, where it was executed, which state's law governs its enforcement, and whether the loan was written or oral. It does not state how each of the four petitioners took possession of the Diamond. And, it does not address facts to establish that Mr. Moyal had rights in the Diamond, or the power to transfer rights in the Diamond.

In sum, Petitioners have failed to demonstrate that they have standing, and have failed to state a claim. Accordingly, the United States requests that the Court dismiss and/or strike their petition.

        Respectfully Submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   *s/Nicole M. Andrejko*
      NICOLE M. ANDREJKO
      Assistant United States Attorney
      Florida Bar No. 0820601
      400 West Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone: (407) 648-7560
      Facsimile: (407) 648-7643
      E-Mail: Nicole.Andrejko@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

        *s/Nicole M. Andrejko*
        NICOLE M. ANDREJKO
        Assistant United States Attorney