UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No. 8:22-cr-437 (WFJ) (SPF)

JOHN LEE
a/k/a "Giovanni"
_____/

**GRUNBERG PETITIONERS' MOTION FOR RECONSIDERATION AND JOINDER TO PETITIONER L.J. WEST'S MOTION FOR RECONSIDERATION**

Rosalie Grunberg, Joseph Grunberg, Lombard Mutual LLC, and Wolf Grunberg Corp. (collectively, the "Grunberg Petitioners"), by and through their undersigned counsel, respectfully move for reconsideration of the Court's August 30, 2024 Order (the "Order") dismissing the Grunberg Petitioners' Verified Petition to Claim Interest in Forfeited Property (ECF 139)—specifically, the 103.86 Carat D Color Internally Flawless Clarity Cushion Brilliant Cut Natural Diamond (the "Diamond")—and join Petitioner L.J. West's Motion for Reconsideration (ECF 141). The Grunberg Petitioners adopt and incorporate by reference herein the analysis and arguments set forth in Petitioner L.J. West's Motion for Reconsideration (ECF 141), which apply with equal force to the Grunberg Petitioners' Petition.

As discussed in Petitioner L.J. West's Motion for Reconsideration, the Court erroneously found that the parties' motions to dismiss should be analyzed under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), which permits the court to consider evidence outside of the pleadings, instead of FRCP 12(b)(6). Pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), in an ancillary proceeding such as this concerning a third

party's petition asserting an interest in property to be forfeited, for purposes of a motion to dismiss "the facts set forth in the petition are assumed to be true."

The Court's Order, however, did not assume the facts set forth in the Grunberg Petitioners' Petition (ECF 64) to be true in accordance with the FRCP 12(b)(6) standard (as made applicable to Fed. R. Crim. P. 32.2(c)(1)(A)), and instead made criminal case record-based findings that considered evidence outside of the pleadings. *See e.g.*, ECF 139 at 20 ("the Grunbergs' claim that the Victim and M.S. 'entrusted' the . . . Diamond with the Defendant is wholly unsupported by the record and is rejected by this Court"). In particular, the Court made the factual finding that the Diamond was procured by "Defendant's theft." ECF 139 at 20. However, taking the facts set forth in the Grunberg Petitioners' Petition (quoting, in material part, from the Indictment) as true, it is clear that the Defendant fraudulently induced the Victim to voluntarily deliver the Diamond rather than seizing it against the Victim's own will. *See* ECF 64 ¶ 8 ("The Indictment alleged that as part of the fraudulent scheme, the Defendant would **convince** his customers that certain of their valuables, including jewelry, needed to be cleansed of evil spirits. . . . then **instruct the customer to ship the valuables to him** to be cleansed. . . .") (emphasis added).

Indeed, the Court's decision seeking to resolve the complicated factual arguments underpinning the Government's and the Victim's motions to dismiss make crystal clear that this is a factual dispute that must be developed through discovery and an evidentiary hearing, and is completely inappropriate for resolution on a motion to dismiss under the applicable FRCP 12(b)(6) standard. *See* Fed. R. Crim. P. 32.2(c)(1)(B) ("After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues.").

For purposes of evaluating the motion to dismiss, the Court's inquiry was simply to determine whether the facts alleged by the Grunberg Petitioners, assuming them to be true, stated a basis for relief. The Grunberg Petitioners submit that, when evaluated under this standard, their Petition easily passes muster.

For these reasons, and those stated in Petitioner L.J. West's Motion for Reconsideration, the Grunberg Petitioners respectfully urge the Court to reconsider its decision and order. To the extent the Court declines to do so, the Grunberg Petitioners respectfully request that the Court issue a stay of execution of its order so that they can appeal the matter to the Eleventh Circuit before the Diamond is given to the Victim and removed from the United States.

Dated: September 13, 2024
       New York, NY

Respectfully submitted,

**REED SMITH LLP**

*/s/ Mark E. Bini*
Mark E. Bini
Florida Bar No. 1026547
Lara Treinis Gatz
Florida Bar No. 1055385
599 Lexington Avenue
New York, NY 10022-7650
Phone: (212) 521-5400
Fax: (212) 521-5450
mbini@reedsmith.com
lgatz@reedsmith.com

-and-

200 South Biscayne Blvd, 26th Fl
Miami, Florida 33131
Phone: (786) 747-0286

***Counsel for the Grunberg Petitioners***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 13, 2024, a true and correct copy of the foregoing was served upon all counsel of record via ECF.

                        */s/ Mark E. Bini*
                        Mark E. Bini
                        Florida Bar No. 1026547