UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**,

v.                                    Case No: 8:22-cr-437-WFJ-SPF

**John Lee**
    a/k/a "Giovanni"
_____/

**ORDER**

In this ancillary forfeiture proceeding, Lawrence J. West ("West") and Joseph Grunberg (collectively with Rosalie Grunberg, Lombard Mutual LLC, and Wolf Grunberg Corp., "the Grunbergs") have filed Motions for Reconsideration on the Court's August 30, 2024 Order (the "Dismissal Order"). Dkts. 141 & 146. West's original petition involves a Gray 15.88 Carat Fancy Dark Gray Diamond ("Gray Diamond"). Dkt. 115. The Grunbergs' original petition involves a 103.86 Carat D Color Internally Flawless Clarity Cushion Brilliant Cut Natural Diamond ("103 Carat Diamond"). Dkt. 64. This Court dismissed both petitions on August 30, 2024. Dkt. 139. Upon careful consideration, the Court denies West's and the Grunbergs' (the "Petitioners") motions for reconsideration.

## BACKGROUND[1]

On August 30, 2024, the Court granted the Government's and A.T.'s motions to dismiss the petitions by West and the Grunbergs. Dkt. 139. On September 04, 2024, West filed a motion for reconsideration, asking this Court to reconsider its original decision because it made a manifest error of law when it conflated the Rule 12(b)(1)'s jurisdictional standard with the Rule 12(b)(6) standard. Dkt. 141 at 2. The Grunbergs followed suit and filed their own motion for reconsideration on September 13, 2024. Dkt. 146.[2] On the same day, Petitioners filed Notices to Appeal the Court's Dismissal Order. Dkts. 147 & 148. The Government and A.T. have responded in opposition. Dkts. 149, 150, 155.

## MOTION FOR RECONSIDERATION STANDARD

"Ancillary proceedings to criminal forfeiture actions are civil in nature." *United States v. Weisman*, 651 F. App'x 858, 859 (11th Cir. 2016) (citing *United States v. Gilbert*, 244 F.3d 888, 906–07 (11th Cir. 2001)). "Although a motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure, the Supreme Court has held that the timely filing of such a motion in a criminal action tolls the time for filing a

---

[1] An extensive summary of this case's factual background and the parties' competing claims for the Diamonds can be found in the Court's Dismissal Order. *See* Dkt. 139 at 2-10.

[2] The Grunbergs' motion for reconsideration states that it "adopt[s] and incorporate[s] by reference herein the analysis and arguments set forth in L.J. West's Motion for Reconsideration," which they contend "apply with equal force" to the Grunbergs' petition. Dkt. 146 at 1. Local Rule 3.01(f) expressly prohibits parties from filing a motion that incorporates all or part of any other motion by reference. However, the Grunbergs' and West's motions for reconsideration make the same overarching arguments, so an order on both is appropriate.

2

notice of appeal and the time begins to run anew following disposition of the motion." *United States v. Vicaria*, 963 F.2d 1412, 1413–14 (11th Cir. 1992) (citing *United States v. Dieter*, 429 U.S. 6, 8–9 (1976)); *United States v. Phillips*, 597 F.3d 1190, 1199–1200 (11th Cir. 2010) (noting the Eleventh Circuit permits parties to file motions for reconsideration in criminal cases).

In adjudicating motions for reconsideration in criminal cases, courts rely on the standards applicable to motions for reconsideration filed in civil cases pursuant to Federal Rules of Civil Procedure Rule 59(e). *Weisman*, 651 F. App'x at 859. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). As such, proper reasons for reconsideration include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Caldwell v. Dodge Chrysler Grp.*, No. 8:18-CV-2525-T-35SPF, 2019 WL 13215059, at *1 (M.D. Fla. Nov. 12, 2019) (citation omitted). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (quoting *King*, 500 F.3d at 1343).

A decision on a motion for reconsideration is within the district court's discretion. *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d

3

800, 806 (11th Cir. 1993). A district court may be found to have abused its discretion only if it "applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *See Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1075 (11th Cir. 2014) (internal quotations and citation omitted).

## DISCUSSION

Based on the review of the filings, the Court denies Petitioners' motions for reconsideration. As discussed below, Petitioners have failed to demonstrate the Court made a manifest error of law when it dismissed Petitioners' claims to the Diamonds.

### I. Legal Standard for a Criminal Forfeiture Proceeding

An ancillary forfeiture proceeding is governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2 ("Fed. R. Crim. P."). *United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012). "[T]hird-party claimants can establish their entitlement to return of the [forfeited] assets only by means of the hearing afforded under 21 U.S.C. § 853(n)." *Libretti v. United States*, 516 U.S. 29, 44 (1995); *see United States v. Marion*, 562 F.3d 1330, 1336 (11th Cir. 2009). For purposes of a motion to dismiss, "the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A).

In a motion to dismiss a verified petition, a court may dismiss a third-party petition "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). In the criminal forfeiture context, dismissal for lack of "standing" can include both Article III[3] and statutory standing. *Via Mat. Int'l S. Am. Ltd v. United States*, 446 F.3d 1258, 1262-63 (11th Cir. 2006); *United States v. $38,000 in United States Currency*, 816 F.2d 1538, 1543, 1545 (11th Cir. 1987).

Unlike Article III standing, statutory standing "doesn't ask whether there's a redressable injury, but whether a party 'has a cause of action under the statute.'" *United States v. Sanchez*, No. 22-11923, 2023 WL 5844958, at *4 (11th Cir. Sept. 11, 2023), *cert. denied*, No. 23-1050, 2024 WL 4426544 (U.S. Oct. 7, 2024) (citation and quotations omitted). 21 U.S.C. § 853(n)(2) requires a petitioner to have "a *legal interest* in property which has been ordered forfeited to the United States. . ." 21 U.S.C. § 853(n)(2) (emphasis added). "If a third party has no legal interest in the property, then it lacks statutory standing to file a petition in the forfeiture action." *United States v. Lazare Kaplan Int'l Inc.*, 849 F. App'x 906 (11th Cir. 2021) (citing 21 U.S.C. § 853(n)(2)). A "legal interest" only encompasses "legally protected

---

[3] Article III standing comes from the "'case or controversy' requirement and 'implicates our subject matter jurisdiction.'" *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021) (citing *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)). "Attacks on subject matter jurisdiction [] are governed by Rule 12(b)(1)." *Floridian Hotel, Inc.*, 998 F.3d at 1230 (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990)).

rights, not equitable rights." *United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007). Importantly, the statutory standing question follows a Rule 12(b)(6) standard, not Rule 12(b)(1).[4] *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1274 n.6 (11th Cir. 2018); *Griffin v. S. Co. Servs., Inc.*, 635 F. App'x 789, 792 (11th Cir. 2015).

Under 21 U.S.C. § 853(n)(6), "third party petitioners can establish their interest in forfeited property in only two ways." *United States v. Kennedy*, 201 F.3d 1324, 1328 (11th Cir. 2000) (citation omitted). A petitioner must either show: "(1) at the time of the acts giving rise to the forfeiture of the subject property, she held some interest in the property superior to the interest of the defendant, *see* 21 U.S.C. § 853(n)(6)(A); or (2) she was a bona fide purchaser for value who purchased an interest in the subject property without cause to believe that the property was subject to forfeiture. *See* 21 U.S.C. § 853(n)(6)(B)."[5] *United States v. Soreide*, 461 F.3d 1351, 1354–55 (11th Cir. 2006). Additionally, 21 U.S.C. § 853(n) has no "innocent owner" defense for third parties. *Id.* at 1354.

---

[4] As one district court has remarked, statutory standing is a "somewhat misleading" term. *Christoff on behalf of Galexa, Inc. v. Inglese*, No. 2:20-CV-546-SPC-NPM, 2022 WL 103564, at *2 (M.D. Fla. Jan. 11, 2022). "Statutory standing is not really about standing at all, in the sense that it limits a 'court's statutory or constitutional power to adjudicate the case.'" *United States v. Emor*, 785 F.3d 671, 677 (D.C. Cir. 2015) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)); *see also Wiand v. ATC Brokers Ltd.*, 96 F.4th 1303, 1313 (11th Cir. 2024) (Marcus, *J*., concurring) (explaining the difference between subject-matter jurisdiction and statutory standing following *Lexmark*). Rather, "statutory standing is nothing more than an inquiry into whether the statute at issue conferred a 'cause of action' encompassing 'a particular plaintiff's claim.'" *Emor*, 785 F.3d at 677 (citation omitted). In other words, "statutory standing 'is itself a merits issue.'" *Id.* (quoting *United States v. Oregon*, 671 F.3d 484, 490 n.6 (4th Cir. 2012)).

[5] As discussed below, only the bona fide purchaser provision is at issue in this ancillary proceeding. Neither West nor the Grunbergs claim to have a "superior interest" in the Diamonds. *See generally,* Dkts. 64 & 115.

## II. Petitioners Lack Statutory Standing to Contest the Forfeiture of the Diamonds

Petitioners' motions only raise one ground for reconsideration:

> The Court's treatment of statutory standing as a jurisdiction issue governed by rule 12(b)(1) contravenes binding precedent from the Supreme Court and the Eleventh Circuit. The Eleventh Circuit has expressly stated on multiple occasions that statutory standing is not jurisdictional, but rather goes to the merits of a claim. It has stated that a motion to dismiss for lack of statutory standing is not governed by Rule 12(b)(1), but rather by Rule 12(b)(6), which prohibits consideration of evidence outside the pleadings.

Dkt. 141 at 2; *see also* Dkt. 146 at 1 ("As discussed in Petitioner L.J. West's Motion for Reconsideration, the Court erroneously found that the parties' motions to dismiss should be analyzed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.").

When applying a Rule 12(b)(6) standard, the Court still properly dismissed Petitioners' claims to the Diamonds. Because West and the Grunbergs cannot show they are bona fide purchasers under 21 U.S.C. § 853(n)(6)(B), no error of law or manifest injustice has occurred when this Court properly dismissed the petitions for lack of statutory standing.

### a. *West is not a bona fide purchaser under 21 U.S.C. § 853(n)(6)(B)*

West's petition asserting a legal interest in the Gray Diamond is based only on his alleged status as a bona fide purchaser under 21 U.S.C. §§ 853(c), (n)(6)(B). Dkt. 115 ¶ 38. West argues he became a bona fide purchaser when he "purchased the Gray Diamond from a merchant [i.e., Australian Diamond Supply Ltd.] who

7

deals in goods of that type in an arms-length commercial transaction that conformed to all reasonable commercial standards and for which L.J. West made payment in full." *Id.* ¶ 36. Accepting the facts alleged in the petition as true, West cannot demonstrate he is a bona fide purchaser under the criminal forfeiture statute.

The Eleventh Circuit has long held that 21 U.S.C. § 853(n)(6)(B) "exists only to protect subsequent purchasers of '*the defendant's interest*' in an asset." *Soreide*, 461 F.3d at 1356 (citing *Kennedy*, 201 F.3d 1324, 1330) (emphasis in the original); *United States v. Guerra*, 216 F. App'x 906, 910 (11th Cir. 2007) ("The bona fide purchaser provision is only applicable to purchases of the defendant's interest in the asset and does not protect purchases from a third-party seller."); *United States v. Thomas*, No. 1:19CR457-RAH-3, 2021 WL 4127750, at *2 (M.D. Ala. Sept. 9, 2021) (same).

Here, West does not contend that he purchased or obtained an interest in the Gray Diamond from Defendant Lee. Rather, as the petition makes clear from the first page, West asserts he "purchased the Gray Diamond from another diamond dealer [i.e., Australian Diamond Supply Ltd.] in September 2022 in an arms-length commercial transaction in New York City." Dkt. 115 ¶¶ 3, 12. West is not the type of bona fide purchaser that 21 U.S.C. § 853(n)(6)(B) protects because he bought the Gray Diamond from a third-party seller. As such, looking only at the four corners of the petition and accepting the facts alleged as true, the Court properly dismissed

West's claim to the Gray Diamond for lack of statutory standing under Rule 12(b)(6).[6]

### b. The Grunbergs are not a bona fide purchaser under 21 U.S.C. § 853(n)(6)(B)

The Grunbergs fare no better. Their legal interest in the 103 Carat Diamond allegedly stems from a loan agreement with Solomon Moyal, where the Diamond was used as collateral. Dkt. 64 ¶ 5. It is this loan agreement allegedly provided the Grunbergs with "bona fide purchaser status under 21 U.S.C. § 853(n)(6)(B), rendering the forfeiture of the Diamond invalid." *Id.* ¶ 14.[7] Like West, the Grunbergs cannot qualify as a "bona fide purchaser" protected by 21 U.S.C. § 853(n)(6)(B) because "[t]hat provision exists only to protect subsequent purchasers of '*the defendant's interest*' in an asset," a factual scenario that is absent here. *Soreide*, 461 F.3d at 1356 (emphasis in the original). Indeed, the Grunbergs' petition even admits they obtained the 103 Carat Diamond from by third-party seller by affirming "the

---

[6] In West's reply in support of his motion for reconsideration (Dkt. 160), he speculates for the first time that M.S. did not steal the Gray Diamond from A.T. Rather, A.T. was also "duped" by Defendant Lee, which would "make Lee the type of thief who, under New York law, could be capable of passing good title to an innocent purchaser for value." Dkt. 160 at 3. These allegations were never brought up in West's original petition contesting forfeiture. *See generally*, Dkts 115. As such, the Court will not consider these untimely factual allegations. *See* 21 U.S.C. § 853(n)(2); *Soreide*, 461 F.3d at 1355; *Guerra*, 216 F. App'x at 909. Furthermore, these untimely allegations were not brought up in West's motion for reconsideration. *See generally*, Dkt. 141. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact," and such a motion cannot be used to "raise arguments or present evidence that could have been raised [previously]." *King*, 500 F.3d 1343 (citations omitted); *see Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

[7] At first glance, it seems like the Grunbergs might also be asserting a "superior interest" argument under 21 U.S.C. § 853(n)(6)(A) by stating "the Grunberg Petitioners have a secured interest in the Diamond that is superior to the interests of the Defendant and the interests of the United States." Dkt. 64 ¶ 11. However, subsequent paragraphs and citations to 21 U.S.C. § 853(n)(6)(B) make it clear the Grunbergs are only asserting an interest under the bona fide purchaser provision. *See id.* ¶¶ 13-15.

Diamond that [Mr. Moyal] gave to the Grunberg Petitioners as collateral had come, directly or indirectly, from the Defendant [Lee]." Dkt. 64 ¶ 4. Thus, looking only at the four corners of the petition and accepting the facts alleged as true, the Court properly dismissed the Grunbergs' claim to the 103 Carat Diamond for lack of statutory standing under Rule 12(b)(6).

Additionally, in their motion for reconsideration, the Grunbergs argue the Court failed to assume all facts in their original petition as true. Dkt. 146 at 2 (citing Fed. R. Crim. P. 32.2(c)(1)(A)). Specifically, the Grunbergs contend their petition made it clear that "the Defendant fraudulently induced the Victim [i.e., A.T.] to voluntarily deliver the Diamond rather than seizing it against the Victim's own will." *Id.* (citing Dkt. 64 ¶ 8). The Court's Dismissal Order supposedly ignored this allegation when it found that "the Grunbergs' claim that the Victim and M.S. 'entrusted' the . . . Diamond with the Defendant is wholly unsupported by the record and is rejected by this Court." *Id.* (citing Dkt. 139 at 20).

The Court disagrees. The first time the Grunbergs brought up the argument that A.T. had "entrusted" the 103 Carat diamond to Defendant Lee is not the Grunbergs' original petition in Dkt. 64. Rather, it is the Grunbergs' response to the Government's motion to dismiss where they first raise the unsubstantiated argument that A.T. "entrusted" the 103 Carat Diamond to Defendant Lee. *See* Dkt. 79 at 6, 8 ("The facts alleged by the Government indicate that the Defendant *swindled* the

10

Diamond from M.S. and/or the Victim, and then 'sold or bartered' the Diamond to Mr. Moyal . . . The owner [i.e., A.T.] of the Diamond entrusted the Defendant with the Diamond." (emphasis in original)). The plain language of Fed. R. Crim. P. 32.2(c)(1)(A) makes it clear only "the facts set forth in the *petition* are assumed to be true," not any of the legal arguments made in a subsequent response or filing. Fed. R. Crim. P. 32.2(c)(1)(A) (emphasis added).

Moreover, 21 U.S.C. §§ 853(n)(2), (3)'s requirements make it clear the Court need not consider untimely factual allegations about A.T. that are not a basis or material part the petition. *See Soreide*, 461 F.3d at 1355 (declining to consider "belated" theories of ownership that were not timely filed under § 853(n)(2) and (3), and not raised in petitioner's two timely petitions); *Guerra*, 216 F. App'x at 909 ("[W]e do not consider this claim because . . . it was not properly asserted under § 835(n) in a timely filed petition before the district court." (citing 21 U.S.C. § 853(n)(2)). In their petition, the Grunbergs should have "set forth the nature and extent of the petitioner's right, title, or interest in the property. . . [and] any *additional facts supporting the petitioner's claim*" showing A.T. was a "customer" who was duped and/or willingly gave the Diamonds to Defendant Lee. 21 U.S.C. § 853(n)(3)

(emphasis added). Any subsequent attempts by the Grunbergs to cure their deficient petition will not be considered.[8]

Finally, the Grunbergs' reliance on the Indictment in their original petition also fails to lend any support. The Grunbergs argue that "[t]he Indictment alleged that as part of the fraudulent scheme, the Defendant would *convince* his customers that certain of their valuables, including jewelry, needed to be cleansed of evil spirits. . . . then *instruct the customer to ship the valuables to him* to be cleansed. . . ." Dkt. 146 at 2 (emphasis in original). This reference clearly referrers to A.T.'s assistant (M.S.) who asported the Diamonds for Defendant Lee. Any other contention is not plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even accepting the facts alleged in the petition as true, the Grunbergs never state A.T. was the "customer" who shipped the valuable to Defendant Lee. *See* Dkt. 64 ¶ 8. The Court declines to accept the Grunbergs' conclusory and implausible interpretation of their original petition. *See United States v. Hassan*, 411 F. Supp. 3d 1302, 1308 (M.D. Fla. 2019) ("A petitioner must provide more than conclusory allegations . . . to state a claim under § 853(n)."). Even assuming *arguendo* the Grunbergs timely alleged A.T. is

---

[8] The thirty-day window for the Grunbergs to amend its verified petition to make it facially sufficient has long passed. *See United States v. Marion*, 562 F.3d 1330, 1337 (11th Cir. 2009) ("[I]f a third party desires to assert an interest in forfeitable property, she may do so by filing a sworn petition within thirty days of . . . the third party actually receiving notice of the impending forfeiture." (internal citation and quotations omitted)). Further, 21 U.S.C. § 853(n) does not permit the establishment of a new deadline for the filing of a facially sufficient claim because dismissal is mandatory for missing the thirty-day deadline. *Id.* at 1337. Failure to file a petition in a timely manner, as defined by statute, extinguishes a third party's interest in the forfeited property. *Id.* at 1339. Thus, while the Grunbergs timely filed their original petition, the new factual allegations they attempt to raise in subsequent filings to make their petition facially sufficient are untimely and will not be considered.

the one who shipped the jewels, it does not change the fact that the Grunbergs still fail to qualify as bona fide purchasers under 21 U.S.C. § 853(n)(6)(B). That ends the issue, simply. The Grunbergs cannot escape their own factual assertions that they were third-party purchasers from Mr. Moyal, not Defendant Lee. *See* Dkt. 64 ¶¶ 4-5.

At bottom, because neither West nor the Grunbergs purchased any interest from Defendant Lee, Petitioners are not protected by the bona fide purchaser subsection of the statute. Their claims are stillborn for this reason.

## CONCLUSION

The Dismissal Order's ultimate finding remains the same: "The Court finds West and the Grunbergs lack standing to challenge the forfeiture of the Diamonds under 21 U.S.C. § 853(n)." Dkt. 139 at 29. Because neither West nor the Grunbergs are bona fide purchasers, no manifest injustice or "manifest error of law" has occurred that warrants reconsideration. *King*, 500 F.3d at 1343.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Petitioners' Motions for Reconsideration, Dkts. 141 & 146, are **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on November 6, 2024.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**