UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.:  8:22-cr-437-WFJ-SPF

JOHN LEE

**UNITED STATES' UNOPPOSED MOTION
TO CORRECT RESTITUTION ORDER**

Pursuant to Federal Rule of Criminal Procedure 36, the United States requests that this Court adopt the Amended Restitution Schedule to correct a mathematical error in the Restitution Schedule. In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.     Background**

John Lee was convicted of one count of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2, and one count of interstate transfer of stolen property, in violation of 18 U.S.C. § 2314 and 2. Doc. 44. On May 10, 2024, Lee was sentenced to 204 months of imprisonment and 3 years of supervised release. Doc. 95 at pp. 4-5. The judgment ordered that restitution was to be determined. Doc. 95 at p. 6. On January 17, 2025, the Court entered and Order adopting the Restitution Schedule attached to the Order. Doc. 194. Review of the Restitution Schedule reveals that the sum listed as restitution payable to Victim A.T. is not mathematically correct. When totaling those amounts, the total owed to A.T. should be $35,724,493.

Due to this mathematical error, the United States requests that the restitution order be amended to correct the sum owed to victim, A.T. to reflect that prior to crediting the return of any items, the total owed to A.T. is $35,724,493.[1] The proposed Amended Restitution Schedule is attached as Exhibit A.

## II.   Applicable Law

Federal Rule of Criminal Procedure 36 authorizes a district court to correct mistakes in judgments owing to clerical errors, oversights, or omissions, at any time. *United States v. Portillo*, 363 F.3d 1161, 1164–65 (11th Cir. 2004). While Rule 36 cannot be used to make substantive alterations to a criminal sentence or remedy errors of law, it is appropriately used to correct uncontroversial errors. *Id.* Indeed, a district court may correct clerical errors at any time under Rule 36 when necessary to ensure that the judgment is consistent with the oral sentence. *Id.* Here, it is necessary to correct the total restitution owed to A.T. because of a mathematical error.

The correction will not negatively impact the defendant as the requested change does not alter any of the restitution line items and only corrects the math totaling those items. This correction results in a reduction of $1,667 as to the total restitution owed to A.T. Rule 36 is the "proper avenue" for "effectuat[ing] the parties' restitution-related intent without affecting [the defendant's] substantive rights." *United States v. Crawley*, 463 F. App'x 418, 422 (5th Cir. 2012). Courts have

---

[1] The United States has received confirmation that certain items from this list have been returned to Victim, A.T. and has notified the Clerk's Office regarding same.

found that amendments to the restitution portion of a judgment that do not increase the amount due do not affect a defendant's substantive rights. *See*, *e.g.*, *United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004).

Without the correction, the Clerk of the Court cannot properly establish the debt and distribute any collected the restitution. The Crime Victims' Rights Act ("CVRA") established numerous rights for victims in federal criminal proceedings. Included among those rights is the right to "full and timely restitution as provided by law." 18 U.S.C. § 3771(a)(6). Pursuant to the CVRA, the victims are entitled to timely disbursement of the funds currently on deposit with the Clerk. The Clerk's Office has advised that the total owed to A.T. must be corrected.

The United States conferred with defense counsel, Michael J. Petro, on March 6, 2025, who advised that he has no objection to correcting the mathematical error.

### III.    Conclusion

For the foregoing reasons, the United States requests that the Court adopt the Amended Restitution Schedule (Exhibit A), correcting the total restitution owed to Victim A.T. to $35,724,493.

                Respectfully submitted,

                SARA C. SWEENEY
                Acting United States Attorney

By:   *s/ Julie A. Simonsen*
       JULIE A. SIMONSEN
       Assistant United States Attorney
       Florida Bar No. 70647
       Financial Litigation
       400 North Tampa Street, Suite 3200
       Tampa, FL 33602
       Telephone:(813) 274-6038
       Facsimile:(813) 274-6247
       E-Mail: FLUDocket.mailbox@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/ Julie A. Simonsen*
JULIE A. SIMONSEN
Assistant United States Attorney
